May Term, 1845.

SHIPLEY
v.
MITCHELL.

---

SHIPLEY and Another *v.* MITCHELL.

If a bill in equity be taken as confessed on account of the non-appearance of the defendant, and a final decree be rendered against him, the record should show that the Court had jurisdiction of the person of the defendant.

When such bill was filed in vacation against a non-resident defendant, it was necessary, under the act of 1838, to give notice of the pendency of the suit, in a public newspaper, for three full weeks and sixty days before the next term of the Court.

Friday,
July 25.

ERROR to the *Warren* Circuit Court.

DEWEY, J.—This was a bill in equity against non-resident defendants. The bill, together with an affidavit of the non-

residence of the defendants, was filed in the clerk's office on the 6th of *July*, 1842, though the affidavit bears date on the 13th of *June* of · that year. The order of publication was made by the clerk on the former day, and recites the filing of the bill and affidavit on that day. At the next term of the Circuit Court, commencing on the 22d of *September*, the defendants were defaulted, the bill taken as confessed, and a final decree rendered against the defendants.

When a bill is taken as confessed on account of the non-appearance of the defendant, and a final decree rendered against him, the record should show that the Court, rendering the decree, had jurisdiction of the person of the defendant. It must of course appear, if he be a non-resident, that due publication of the pendency of the suit was made. The statute in force when this bill was brought, required notice of the action (the bill being filed in vacation) in some public newspaper "for three successive weeks," at least sixty days before the next term of the Court, to authorize the Court to take cognizance of the cause at that term. R. S. 1838, p. 444. It is indeed stated in the record, that there was proof "to the satisfaction of the Court," that publication of the pendency of the action was duly made in a certain newspaper, more than sixty days before the commencement of the term at which the decree was rendered, but the proof itself is not given. It is contended by the defendant in error, that all the statute requires is the insertion of the order of publication in three successive weekly papers, and that the time contemplated expires at the date of the last insertion. If this construction be correct, legal notice of the pendency of the bill might have been given, and we are bound to presume from the statement of the record that it was given. But if, as the plaintiffs in error contend, the act requires the newspaper notice to continue for the space of three full weeks before the commencement of the sixty days, legal publication could not have been made, and the Circuit Court was improperly satisfied that it had been; for supposing the first insertion in the newspaper to have been made on the day on which the bill and affidavit were filed — the 6th of *July*, — three weeks and sixty days could not have intervened between that day and the first day of the next subsequent

May Term, term, the 22d of *September*, at which term the decree was
1845. rendered.  We are inclined to adopt this latter construction,
ANDREWS for, according to the other interpretation, if the statute had
v. required a publication in a newspaper for one week, its terms
RUSSELL. would have been complied with on the very day of publishing the paper.  It is only by reckoning the first day of the publication as one week, that three weeks can be made to end at the date of the third insertion.  We do not think the language of the act can be satisfied by such a construction, and are of the opinion that the design of the legislature was, that three weeks from the date of the first insertion should elapse before the beginning of the sixty days.  It follows that the defendants had not legal notice of the pendency of the bill; and that the Circuit Court had no right to take jurisdiction of the cause.

*Per Curiam.*—The decree is reversed with costs.  Cause remanded, &c.

*O. H. Smith*, for the plaintiffs.

*R. A. Chandler*, for the defendant.