Loughridge *v.* The City of Huntington.

---

## LOUGHRIDGE *v.* THE CITY OF HUNTINGTON.

CITIES AND TOWNS.—*Town of Huntington.—Ordinances of.—Publication of.— Statute Construed.*—The object of the ten days' publication of ordinances of the town of Huntington, as required by the 5th section of "An act incorporating the town of Huntington," (Local Laws of 1848, p. 487,) approved February 16th, 1848, was to give them the force and validity of ordinances.

SAME.—*Street Improvement.*—*Notice to Non-Resident.*—The object of the three weeks' publication of a copy of an ordinance for the improvement of a street of such town, as required by the 17th section of such act, as amended by "An act to amend the 5th, 14th and 17th sections," etc., of such act, (Acts 1865, Spec. Sess., p. 97,) approved December 21st, 1865, was solely for the purpose of giving notice to non-resident owners of lots in such town, affected by the adoption of such ordinance, and was in addition, and subsequent to, the publication required by such section 5.

SAME.—*"Publication for Three Consecutive Weeks" Defined.*—The "publication for three consecutive weeks in some newspaper," as required by such section 17, is a publication for twenty-one days, and not simply three insertions in such newspaper.

SAME.—*Notice of Letting Contract.*—Upon the failure of such non-resident owner, for the full space of sixty days after the completion of the publications of such ordinance, as required by such sections 5 and 17, to make the improvement required by such ordinance, the common council of such town could require her marshal to give ten days' additional notice that he would let the contract for making such improvement.

SAME.—A valid contract for the making of such improvement, binding either such non-resident or his lot, could not be let until the expiration of at least one hundred and one days from the passage of such ordinance, including the making of all such publications and the giving of such notices.

From the Huntington Circuit Court.

*L. P. Milligan, A. Moore, J. Farrar* and *J. L. Farrar,* for appellant.

*B. F. Ibach* and *G. W. Stults,* for appellee.

HOWK, J.—Appellee, as plaintiff, sued the appellant, as defendant, in the court below, to recover the cost of certain street improvements, and to have the same declared a lien on certain real estate. Appellee's complaint was in two paragraphs. The appellant demurred separately to each paragraph of the complaint, for the want of sufficient facts therein to constitute a cause of action; which demurrer was overruled, and appellant excepted. The appellant then answered, in three paragraphs, as follows:

First. A general denial;

Second. The causes of action did not accrue within six years before the commencement of the action; and,

Third. The causes of action did not accrue within two years before the commencement of the action.

Appellee demurred separately to the second and third paragraphs of appellant's answer; which demurrers were sustained by the court below, and the appellant excepted. And the action, being at issue, was tried by the court below, without a jury, and a finding made in favor of appellee and against the appellant. On written causes filed, appellant moved the court below for a new trial, which motion was overruled, and appellant excepted. Appellant also moved the court below in arrest of judgment, which motion was overruled, and appellant excepted. And judgment was rendered upon the finding of the court below, as prayed for in the complaint.

In this court, the appellant has assigned many alleged errors of the court below; but we will first consider those which call in question the sufficiency of the facts stated in each paragraph of the complaint, to constitute a cause of action.

In the first paragraph of its complaint, the appellee alleged, in substance, that appellant was indebted to appellee in the sum of fifty-six dollars and eighty-seven cents, with interest from December 9th, 1867, and costs taxed at five dollars, which indebtedness accrued as follows: That appellee, on the 8th day of July, 1867, being then an incorporated town, under a special act of the Legislature of this State, approved February 16th, 1848, and the amendments to said act, thereafter approved, enacted an ordinance providing for the grading, curbing and gravelling of Jefferson street, in said town, at the cost of the property holders and owners of lots fronting on said Jefferson street, as appears by a copy of said ordinance, filed with and made part of said paragraph; that the appellant was then, and still was, the owner of lot No. 105, fronting twenty-three feet on said Jefferson street, between Court street and the Wabash and Erie Canal; that said ordinance was duly published for three consecutive weeks

in the Huntington Democrat, a weekly newspaper, printed and published in said town of Huntington, the appellant being then a non-resident of said town and county of Huntington; that appellant then and there failing and refusing to comply with the provisions of said ordinance, within sixty days after publication as aforesaid, the time required by law, the marshal of said town, on the 30th day of September, 1867, "let out the construction of said twenty-three feet fronting on said Jefferson street, to Alswait & Co.," they being the lowest responsible bidders, for the sum of two dollars and fifty cents per lineal foot, which said marshal duly reported to the recorder of said town, who recorded the same in full in the records of said corporation, he having given ten days' notice of said sale and letting by posting up notices in three of the most public places in said town, by order of the common council of said town; that afterward, on December 9th, 1867, said marshal duly reported to said common council, that said twenty-three feet of curbing, grading, and gravelling were duly completed, at a cost of fifty-six dollars and eighty-seven cents, according to plans and specifications; that said council of said town thereupon ordered a warrant drawn upon the treasurer of said town, for said sum, in favor of said Alswait & Co., which warrant was paid to them by said town; that since the completion of said work, the said town had been incorporated as a city, under the general law of this State, approved March 14th, 1867, for the incorporation of cities; wherefore appellee demanded judgment for one hundred dollars, and that the same be declared a lien on lot No. 105, and other proper relief.

In the second paragraph of its complaint, the appellee alleged, in substance, that on the 7th day of April, 1867, the appellant was, and ever since had been, the owner of lot No. 105, in the original plat of the town of Huntington, in Huntington county, Indiana, which lot had a front of seventy-seven feet on Market street, in said town, now

city, of Huntington. That on said 7th day of April, 1868, the appellee was an incorporated town, under a special act of the Legislature of this State, approved February 16th, 1848, and the various amendments thereto, thereafter approved; that, by virtue and authority of said act and its said amendments, the common council of said town, on said 7th day of April, 1868, passed and adopted an ordinance, a copy of which was filed with and made part of said paragraph, which said ordinance was duly published for three successive weeks in the Huntington Democrat, printed and published in said county; that said lot No. 105 was located and fronting seventy-seven feet on said Market street, between the east line of Cherry street and the west line of Warren street, in said town of Huntington; that the appellant, being then and there a non-resident of the county of Huntington and failing and refusing to improve said street within sixty days after the said publication of said ordinance, the common council of said town, as per order filed with said paragraph, ordered the marshal of said town to sell out said work to the lowest responsible bidder. That afterward, to wit, on the 6th day of July, 1868, first having given ten days' notice thereof, as per notice on file with said paragraph, he, the marshal, did let the said work to A. Roust for two dollars and thirty-five cents per lineal foot, he being the lowest responsible bidder, of which selling the marshal made due return to the recorder of said town, who duly recorded the same in full on the records of said town, as per copy of said record filed with and made part of said paragraph. That after the completion of said work by said Roust, according to said ordinance, plans and specifications, the marshal reported the same to the common council of said town, and that the cost thereof amounted to the sum of one hundred and eighty dollars and ninety-nine cents; and thereupon said common council ordered a warrant drawn upon the treasurer of said town for said

sum, payable to A. Roust, which was accordingly paid to said. Roust by said town, October 26th, 1868, and that after the completion of said work, the said town incorporated as a city, under the general law of this State for the incorporation of cities, approved March 14th, 1867. Wherefore, etc.

The question presented for our consideration by appellant's demurrers to appellee's complaint is the same as to each paragraph of said complaint. That question may be thus stated:—Did the proceedings of the officers of the town of Huntington, as set out in appellee's complaint, in relation to the improvement of the streets therein mentioned, so far conform to the laws under which the town was incorporated, as to subject the appellant, or his lot, which fronted on said streets, to the payment of any portion of the cost of the improvement of the said streets, or of either of them?

At the time the proceedings mentioned in the complaint were had, the appellee was a town incorporated under an act entitled "An act incorporating the town of Huntington," approved February 16th, 1848. Local Laws 1848, p. 487. By the 5th section of said act, it was provided, among other things, "that all laws and ordinances which shall be passed by said common council, shall be published at length on the door of the court-house in Huntington or in a newspaper published in Huntington, at least ten days by order of said common council; after which publication in manner aforesaid, such laws and ordinances shall be and remain in full force until repealed or modified by the proper authority." Local Laws 1848, p. 490. It would seem from this provision, that no ordinance of the town of Huntington could be regarded as in force for any purpose until it had been published, in manner aforesaid, by order of the common council, for at least ten days. There is no averment in either paragraph of appellee's complaint, in this action, of any such publication of the ordinance therein mentioned.

The 17th section of the said act, incorporating said town, was amended by an act approved December 21st, 1865. Acts 1865, Spec. Sess., p. 101. We set out so much of this amended section as has any bearing on the question now under consideration.

" Sec. 17. That for the purpose of carrying into effect the powers heretofore granted to the said common council, to compel the owners of lots to grade and pave or McAdamize the sidewalks or streets in front of their respective lots, said council are hereby authorized to order that said owners do so grade and pave or McAdamize said sidewalk or street within the period of thirty days after a copy of said ordinance shall have been personally served upon them by the marshal of said corporation, if said owners be residents of Huntington county, or if non-residents, by publication, for three consecutive weeks, in some newspaper published in said county, or by written notices posted up on the door of the court-house in Huntington, for the period of thirty days, and upon failure of said owners to comply with said ordinance within the period of sixty days, said common council shall require the marshal of said corporation to sell out said work to the lowest responsible bidder, after having given ten days' notice of said sale," etc.

It will be observed, in considering this amended section, that the publication of the ordinance, therein mentioned, is another and different publication, and for a very different purpose, from the publication provided for in the 5th section of the act incorporating said town.  The latter publication was made to give validity to the ordinance, without which the ordinance would never be in force; while the former publication was made solely for the purpose, under the law, of giving notice to an owner of property, non-resident of Huntington county, of an ordinance supposed already to be in force.  As we construe this amended section, in connection with the other sections of said act, and especially the said 5th section,

an ordinance of said town must have been in force, that is, it must have been published " in the manner aforesaid," at least for ten days, before it could be regarded, in legal acceptation, as an ordinance of said town, and before it could be served, by copy thereof delivered to the resident owner of property, or by copy thereof published, for three consecutive weeks, in some newspaper published in said county, on the property owner, who was non-resident of said county.   Publication for three consecutive weeks means a publication for twenty-one days, and not simply three insertions in a weekly newspaper, which would ordinarily cover a period of but fifteen days.   The sixty days' time, given a non-resident owner of a lot, within which he might comply with the terms of the ordinance, requiring him to improve the street in front of his lot, would not commence to run against him until the expiration of the publication, for three consecutive weeks, of the ordinance as notice.   There could be no failure of the non-resident lot-owner to comply with the terms of the ordinance, until the end of said period of sixty days; and therefore, until then, the common council of said town might not require the marshal of said town to sell out said work, etc., and until the marshal was so required to sell, he could not commence to give ten days' notice of such sale.

It seems, therefore, that, under the laws incorporating said town of Huntington, a valid and legal contract for the improvement of a street in front of a lot, owned by a non-resident of Huntington county, could not be so made as to render the lot, or the owner thereof, liable for the cost of such improvement, until at least one hundred and one days had elapsed after the passage of the ordinance requiring such improvement.   In the first paragraph of appellee's complaint, in this action, the time between the passage of the ordinance, and the sale of the contract for the improvement of the street, therein mentioned, was only eighty-four days; and, in the second paragraph of

said complaint, the period of time between the passage of the ordinance, and the letting of the work, therein mentioned, was only ninety days. Our conclusion, therefore, is, that the proceedings of the officers of the town of Huntington, as set out in appellee's complaint, in relation to the improvement of the street therein mentioned, did not so far conform to, and comply with, the laws under which the town was incorporated, as to subject the appellant, or his lot, which fronted on said streets, to the payment of any portion of the costs of the improvement of either of the said streets.

In our opinion, the court below erred in overruling the appellant's demurrer to each paragraph of appellee's complaint. This conclusion renders it unnecessary for us to consider any of the other alleged errors assigned by the appellant.

The judgment of the court below is reversed, at the appellee's costs, and the cause is remanded, with instructions to the court to sustain the appellant's demurrer to each paragraph of appellee's complaint, and for further proceedings.