## MEREDITH v. CHANCEY.

SHERIFF'S SALE OF REAL ESTATE.—*Notice by Publication.*—*Statute Construed.*—The publication of a sheriff's sale of real estate, in a newspaper, "for three weeks successively," as required by section 467, 2 R. S. 1876, p. 217, is a publication for twenty-one days, excluding either the date of the first publication or the day of sale.

SAME.—*Evidence.*—*Contradicting or Explaining Sheriff's Return.*—Where a sheriff's return of an execution, upon which he has sold real estate, recites, that notice by publication had been given by "three successive publications" in a certain newspaper, but does not state the dates of such publications, evidence may be given to show such dates.

SAME.—A sheriff's return, that, on a certain date, he had levied on certain real property, and given notice of sale by "three successive publications" in a certain newspaper, does not preclude evidence of the dates of such publications.

SAME.—*Purchaser with Notice of Irregularities.*—*Ejectment.*—Where the execution plaintiff becomes the purchaser of property sold at sheriff's sale on execution or decree of foreclosure, he is chargeable with notice of all irregularities; and, if he so purchase real estate at a sale of the same, made without sufficient notice, he can not, on a sheriff's deed acquired under such sale, eject the owner of the land so sold.

From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.

*C. Ewing, J. K. Ewing, R. H. Meek* and *C. B. Riley*, for appellee.

WORDEN, J.—Action by the appellee, against the appellant, to recover possession of a tract of land and mesne profits.

Issue; trial by the court; finding and judgment for the plaintiff, a motion for a new trial, for causes assigned, made by the defendant, having been overruled.

The appellant has presented several questions, but we think it necessary to consider but one of them, as that is decisive of the case.

The facts are, in brief, that the plaintiff had a judgment for the foreclosure of a mortgage upon the land in controversy against the defendant, and, upon an order of sale issued upon the judgment, the plaintiff became the

purchaser of the property and received the sheriff's deed therefor, the property not having been redeemed. The question presented relates to the validity of the sheriff's sale. The property was sold on the 1st day of January, 1875. Notice of the sale was published in a newspaper published in the county, on the 12th, 19th and 26th days of December, 1874; and the question arises, whether this publication was sufficient in point of time.

The statute provides, that "The time and place of making sale of real estate, on execution, shall be publicly advertised by the sheriff, for at least twenty days successively next before the day of sale, by posting up written or printed notices thereof, in three public places in the township in which the real estate is situated, and a like advertisement at the door of the court-house of the county; and also by advertising the same, for three weeks successively, in a newspaper printed nearest to the real estate, if any such newspaper be printed within the jurisdiction of the sheriff," etc. 2 R. S. 1876, p. 217, sec. 467.

Thus two modes of giving notice of such sales are required: First, by posting up written or printed notices, as required, for at least twenty days successively next before the day of sale; and, second, by advertising the sale for three weeks successively in a newspaper, where there is one within the jurisdiction of the sheriff.

We do not think the last advertisement need to have been published three weeks, or twenty-one days, before the sale. See *Rhoades* v. *Delaney*, 50 Ind. 468. But we are of opinion, that the Legislature intended that the first advertisement should be made full three weeks, or twenty-one days, before the day of sale. To be sure, the written or printed notices need be posted up only twenty days next before the day of sale, but the advertisement is required to be published in the newspaper "for three weeks successively," and this means three weeks successively next before the day of sale. Three weeks are twenty-one days, and a publication by advertisement in a

newspaper for a period of less than twenty-one days is not a compliance with the statute. Cases have been cited tending to show, that, where the law requires a publication to be made three weeks in a newspaper before a thing is to be done, it will be sufficient if the publication is made in three weekly issues of the paper before the thing is to be done, although the first publication is not made three weeks before. *Frothingham* v. *March*, 1 Mass. 247; *Bachelor* v. *Bachelor*, 1 Mass. 256; *Olcott* v. *Robinson*, 21 N. Y. 150; *Pearson* v. *Bradley*, 48 Ill. 250. But we are not inclined to follow these decisions, as they are not in harmony with the previous rulings of this court upon similar questions. Thus, in *Shipley* v. *Mitchell*, 7 Blackf. 472, it was held, under a statute which required notice to bring a party into court to be published "for three successive weeks," at least sixty days before the next term of the court, that the first publication must be made full three weeks before the commencement of the sixty days; and this, we believe, has ever since, in this State, been regarded as the settled construction of similar statutes. If a publication in three successive weekly issues of a paper were to be regarded as sufficient, then a sale might be made on the 15th day after the first publication, as if the publication were made on the 1st, 8th and 15th days of the month of a sale to be had on the 16th. But this, in our opinion, would not be a compliance with the statute. As before intimated, we are of opinion that the newspaper publication of such sale must be made full three weeks, or twenty-one days, before the day of sale.

In this case, as has been stated, the first publication was made on the 12th of December. Including the 12th, and excluding the 1st of January, the day of sale, or *vice versa*, the notice was published only twenty days; and this was insufficient That either the day of the first publication, or the day of sale, should be excluded in the computation of time, we think is abundantly clear.

The plaintiff, having been the plaintiff in the execu-

tion or order of sale, was chargeable with notice of the irregularity, and the sale, as to him, was void, and no title vested in him. *Harrison* v. *Doe*, 2 Blackf. 1; *Raub* v. *Heath*, 8 Blackf. 575; *Keen* v. *Preston*, 24 Ind. 395. Objections to a sheriff's sale may be made in an action to recover the land. *Sherry* v. *Nick of the Woods*, 1 Ind. 575.

The counsel for the appellee have cited the case of *Paine* v. *Mooreland*, 15 Ohio, 435, but, upon an examination of the case, we do not think it in point here.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

### ON PETITION FOR A REHEARING.

WORDEN, J.—The appellee has filed a petition for a rehearing in this cause, and insists, as we understand the petition, upon three points, viz.:

1st. That the newspaper publication was sufficient, having been made twenty days before the sale.

2d. If not, proof was inadmissible to show that the publication was made only twenty days before, inasmuch as that would contradict the sheriff's return to the execution or order of sale.

3d. That the defect in the publication would not vitiate the sale, the plaintiff in the execution being the purchaser of the property.

With regard to the first, we desire to add nothing to what was said in the original opinion, except that in the case of *Loughridge* v. *The City of Huntington*, 56 Ind. 253, 260, it was held, that a statute which required publication to be made "for three successive weeks," meant a publication for twenty-one days, and not simply three insertions in a newspaper, which would ordinarily cover a period of but fifteen days.

The second proposition is well founded in point of law. The sheriff's return to mesne or final process can not be contradicted between the parties, except in an action

against the sheriff for a false return. *Splahn* v. *Gillespie,* 48 Ind. 397; *Stockton* v. *Stockton, post,* p. 574.

But the proposition has no foundation in fact. Proof that the publication was not made for twenty-one days, or "three weeks successively," in no manner contradicts the sheriff's return, which, in respect to the notice by him given of the sale, is as follows, viz. :

"This writ came to hand December 7th, 1874, at 4 o'clock P. M. December 8th, 1874, I have this day levied this writ on the following described real estate, to wit : " (here the property is described), "and have advertised the same for sale on the 1st day of January, 1875, by posting three notices in Sand Creek township, where such real estate is situate, and by posting an additional notice at the door of the court-house of said county, and by three successive publications in the Decatur Press, a weekly paper published in said county."

In this return the sheriff says, that, on December 8th, 1874, he levied upon the land; and, if we were to take what follows as having been done on the same day, because connected by the conjunction "and," we would make the sheriff guilty of the absurdity of saying, that he had, on the 8th of December, 1874, made "three successive publications" in a weekly newspaper. This would. be doing evident injustice to the sheriff, who clearly did not intend to make any such statement. The return, fairly construed, means that the levy was made on December 8th, 1874, but no time is stated when the sale was advertised in the manner stated. If the word "and" connects what follows it with what precedes it, so as to show that the sale was advertised in the manner stated on the 8th day of December, as well as that the levy was made on that day, then the whole of the advertisement, including the three successive publications in the weekly paper, must be taken to have been made on that day; for the statement of the entire advertisement is connected

by the conjunction with the statement, that the levy was made on the day named.

As we read the return, it does not show when the property was advertised. It does not state that the first publication was made on the 8th of December, 1874, or at any particular date.

If the sheriff were sued for falsely returning that he had advertised the sale for three weeks successively in a newspaper before the sale, the return would not support the action, because the return does not purport to show that the sale had been thus advertised.

It is very plain, that three successive publications may have been made in a weekly newspaper, and yet that the first one may not have been more than fifteen days before the day of sale.

Upon the third point, the appellee has cited the case of Wood v. Morehouse, 45 N. Y. 368, in which it was held, that where the plaintiff in an execution had purchased the property at a sheriff's sale, he being a purchaser in good faith, the sale was valid, though the requisite notice had not been given. This decision, however, was made upon a statute, which provided, that "the omission of any sheriff or other officer to give the notice of sale as required by law shall not affect the validity of any sale made to a purchaser in good faith without notice of any such omission." The case, therefore, can have but little bearing upon the point here involved.

The appellee claims that the presumption is, that all officers do their duty; and, therefore, it will be presumed that the sheriff gave the proper notice of the sale.

This is conceded, and third persons acting upon this presumption, and buying property at sheriff's sale, will hold it, though the proper notice was not given. Their title can not be defeated by evidence that the requisite notice was not given. White v. Cronkhite, 35 Ind. 483. But it has long been settled in this State, that the plaintiff in an execution, purchasing the property at sheriff's

sale, is chargeable with notice of all irregularities. As to him, doubtless, the presumption is, that the sale was regular; but, as to him, the presumption may be overcome by evidence not contradicting the sheriff''s return. The Legislature may change this rule of law, but it is not the province of the courts to do so.

The petition for a rehearing is overruled.