No. 9915.

## SMITH *v.* ROWLES ET AL.

SHERIFF'S SALE OF REAL ESTATE.—*Notice by Publication.*—*Posting Notices.*—*Construction of Statute.*—Under section 467 of the civil code of 1852, sec. 757, R. S. 1881, the advertisement of a sheriff's sale of real estate, "for at least twenty days successively," has exclusive reference to posting up written or printed notices of the sale, and does not qualify or control the provision requiring the advertisement by publication in a newspaper of the county, for three weeks successively, which means a publication for twenty-one days, excluding either the date of the first publication or the day of the sale.

From the Hamilton Circuit Court.

*F. M. Trissal,* for appellant.

*W. Neal* and *J. F. Neal,* for appellees.

HOWK, J.—This was a suit by the appellant against the appellees to obtain a decree and judgment of the court, declaring a sheriff's sale and deed of certain real estate in Hamilton county to the appellee Mary Rowles, to be illegal, irregular and void, and to have no foundation, force or effect. The appellees' demurrer to appellant's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court, and to this ruling appellant excepted. He declined to amend or plead further, and judgment was rendered that he take nothing by his suit, and that the appellees recover of him their costs in this action expended.

Error is assigned by appellant upon the decision of the circuit court in sustaining appellees' demurrer to his complaint. The only objection stated in the complaint to the validity of the sheriff's sale and deed is that notice of the day of sale was not given for the period of time prescribed in the statute, prior to such sale. It was alleged in the complaint that the day fixed for the sale was the 18th day of April, 1880, and that the notice of such sale and of the day therefor was given by publication thereof in a weekly newspaper, printed in Hamilton county, on the 19th and 26th days of March,

and the 2d day of April, 1880, "and not at any other or different times or dates." At the time the sale in question was made, and the notice thereof was given, the time and manner of advertising a sheriff's sale of real estate were fixed and prescribed in and by the provisions of section 467 of the civil code of 1852, as such section was amended by an act approved February 2d, 1855. As applicable to the question under consideration, this section provided as follows: " The time and place of making sale of real estate, on execution, shall be publicly advertised by the sheriff, * * * next before the day of sale, * * * for three weeks successively, in a newspaper printed nearest to the real estate, if any such newspaper be printed within the jurisdiction of the sheriff." 2 R. S. 1876, p. 217; sec. 757, R. S. 1881. The advertisement " for at least twenty days successively," required by the statute, has reference exclusively, we think, to the " posting up written or printed notices " of the sale; and that provision does not qualify or control in any manner the advertisement by publication in a newspaper of the county or within the sheriff's jurisdiction.

The provision of the statute, requiring an advertisement of the time and place of sale for three weeks successively in a newspaper, is fully complied with when it appears, as it does in this case, that the advertisement has been published each week of the three successive weeks, and that twenty-one days have elapsed between the date of the first publication and the day fixed for the sale. *Rhoades* v. *Delaney*, 50 Ind. 468.

In *Loughridge* v. *City of Huntington*, 56 Ind. 253, it was said: " Publication for three consecutive weeks means a publication for twenty-one days, and not simply three insertions in a weekly newspaper, which would ordinarily cover a period of but fifteen days." In *Meredith* v. *Chancey*, 59 Ind. 466, the precise question now under consideration was before this court. It was there said: " We do not think the last advertisement need to have been published three weeks, or twenty-one days, before the sale. · * * But we are of

opinion, that the Legislature intended that the first advertise-. ment should be made full three weeks, or twenty-one days, before the day of sale. To be sure, the written or printed. notices need be posted up only twenty days next before the day of sale, but the advertisement is required to be published in the newspaper 'for three weeks successively,' and this means three weeks successively next before the day of sale. Three weeks are twenty-one days, and a publication by adver- tisement in a newspaper for a period of. less than twenty-one days is not a compliance with the statute."

In the case at bar, the facts stated in the complaint showed very clearly, we think, that the sheriff fully complied with the requirements of the statute, in that he publicly advertised the time and place of the sale for three weeks successively, or twenty-one days, in the proper newspaper, next before the day of sale. The court committed no error, therefore, in sus- taining the demurrer to the complaint.

The judgment is affirmed, with costs.