Filed June 21, 1884.

---

No. 11,484.

HILL *v.* PRESSLEY.

SHERIFF'S SALE.—*Publication of Notice.*—*Computation of Time.*—The notice of a sheriff's sale to occur February 14th, published in a newspaper January 24th and 31st, and February 7th, is sufficient under the statute, sections 757 and 1280, R. S. 1881.

From the Superior Court of Marion County.

*E. A. Parker*, for appellant.

*F. Winter*, for appellee.

BICKNELL, C. C.—The appellant was the plaintiff below. At the special term a demurrer to his complaint was sustained; he refused to amend, and judgment was rendered

against him upon the demurrer. He appealed to the superior court in general term, and there assigned for error the ruling upon the demurrer. The court in general term affirmed the judgment of the court in special term. The plaintiff appealed to this court.

He assigns for error here the affirmance by the court below in general term of the judgment of the court in special term.

The only question presented by the appellant in his brief is, was the notice of a sale of real estate by the sheriff, given by advertisement in a newspaper, in accordance with the statute?

The complaint avers that "the first publication of said notice was made upon January 24th, 1880; the second publication of said notice was made upon January 31st, 1880; the third publication of said notice was made upon February 7th, 1880, and said sale was made upon the 14th day of February, 1880."

The statute by which the case is governed is section 467, 2 R. S. 1876, p. 217, which is the same as section 757, R. S. 1881. It provides that "The time and place of making sale of real estate on execution shall be advertised by the sheriff" by advertising the same for three weeks successively next before the day of sale in a newspaper, etc.

The complaint states an advertisement in accordance with this section; but the appellant claims that the case is governed also by section 787, 2 R. S. 1876, p. 311, which is the same as section 1280, R. S. 1881, and which provides that "The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last." He claims that under this last mentioned section, the first day of publication ought to be excluded, and that, excluding the first day of publication, there was not three weeks' successive publication next before the day of sale; thus, excluding the 24th of January, the first day of publication, and including the 13th of February, the last day of the three weeks' publication, there would seem to be only

twenty days' publication, instead of twenty-one days. But here there was actually three weeks' successive publication, commencing on the 24th of January and ending on the 13th of February, the day before the sale. This satisfies the statute, section 467, *supra*, which governs this case. The other statute, section 787, *supra*, governs a different class of cases; thus, where the statute requires an act to be done within so many days from a given day or from a certain act, that day or the day of that act must be excluded. *Tucker* v. *White*, 19 Ind. 253; *Noble* v. *Murphy*, 27 Ind. 502; *State, ex rel.,* v. *Thorn*, 28 Ind. 306; *Byers* v. *Hickman*, 36 Ind. 359. The same rule prevailed before the adoption of the code of 1852. *Hathaway* v. *Hathaway*, 2 Ind. 513.

But where notice is to be given, either by service or by publication, the notice necessarily begins to operate on the day of service, or on the day of the first publication, and then the only question is, has the notice been operating for the required length of time? Therefore, where ten days' service of process is required, service on the 10th day of the month for the 20th day of the month has always been held sufficient, because, in such a case, there are ten days of actual notice prior to the 20th; and so in case of publication, if the publication of the sale of real estate by advertisement in the newspaper has been in operation for three weeks successively next before the day of sale, the party has had the notice which the statute, section 467, *supra*, requires.

In *Loughridge* v. *City of Huntington*, 56 Ind. 253, this court held that publication for three weeks successively means a publication for twenty-one days.

In *Meredith* v. *Chancey*, 59 Ind. 466, it was held that the publication required by section 467, *supra*, is a publication for twenty-one days, excluding either the date of the first publication or the day of sale. In the present case there was a publication for twenty-one days excluding the day of sale.

In *Fox* v. *Allensville, etc., Co.*, 46 Ind. 31, it was held that

VOL. 96.—29

where by statute notice of the time and place of payment of stock subscriptions was required to be given for thirty days by publication in a newspaper, it was sufficient, in an action on the subscription, to allege that the notice was given on the 2d of March for payment on the 1st day of the next April.

The appellant cites *Towell* v. *Hollweg*, 81 Ind. 154, but there is nothing in it, or in the case of *Smith* v. *Rowles*, 85 Ind. 264, in conflict with the cases hereinbefore cited. In *Towell* v. *Hollweg, supra,* the point decided was that the time for recording a chattel mortgage is computed by excluding the day on which it was executed, and including that on which it was recorded. In *Smith* v. *Rowles, supra,* the point decided was that the twenty days mentioned in section 467 had reference to the posting of notices, but that the advertisement in the newspaper must be for twenty-one days next before the sale. The court cited with approval *Loughridge* v. *City of Huntington, supra,* and *Meredith* v. *Chancey, supra,* and repeated, substantially, the doctrine of those cases.

The court below in general term did not err in affirming the judgment of the court in special term. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed June 25, 1884.