No. 14,199.

THE SECURITY COMPANY OF HARTFORD *v.* ARBUCKLE
ET AL.

SUMMONS.—*Service by Publication.*—*Statute Construed.*—The statutes providing for the service of process by publication (Elliott's Supp. sections 1, 16), require the publication of the notice in three successive issues of the newspaper in which the notice is published, and that three full weeks shall elapse before the thirty days provided for shall begin to run. Four insertions in the newspaper are not required.

PRACTICE.—*Clerk.*—*Failure to File Pleadings.*—*Nunc Pro Tunc Entry.*— Where the clerk fails to make an entry on the order-book of the filing of an answer, the omission may be supplied by an application for a *nunc pro tunc* entry.

SAME.—*Nunc Pro Tunc Entry.*—*Right of Court to Order.*—The trial court having judicial knowledge of the filing of pleadings may, on its own motion, order a *nunc pro tunc* entry of a pleading omitted by the clerk.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellant.
*J. Stafford* and *T. E. Boyd,* for appellees.

BERKSHIRE, J.—The appellees filed their complaint to obtain a *nunc pro tunc* entry in an action that had been tried and finally determined between the same parties, and in which an appeal to this court was being prosecuted by the appellant herein.

After filing their complaint the appellees gave notice to the appellant by publication. The appellant entered a special appearance, and moved to set aside the notice. This motion the court overruled, and the appellant reserved the proper exception, and the court ruled the appellant to answer.

The appellant then filed a demurrer to the complaint, which was overruled, and it reserved an exception, and filed an answer in general denial.

The cause being at issue was submitted to the court, and

a finding made for the appellees. The appellant filed a motion for a new trial. This motion the court overruled, and appellant reserved an exception. Thereupon by order of the court the *nunc pro tunc entry* asked for was made, and judgment rendered against the appellant for costs.

The questions presented by the errors assigned are:

1. Did the court err in overruling the motion to set aside the notice?

2. Did the court err in overruling the demurrer to the complaint?

3. Did the court err in overruling the motion for a new trial?

The only objection made to the notice is that four weekly publications in the newspaper in which publication was had were not made. The argument is that the statute requires three weeks' notice by publication, and that this can only be given by publication of the notice in four successive issues of the newspaper.

The statute is plain, and its construction ought not to be doubtful in the light of former decisions of this court placing a construction upon it. See section 318, R. S. 1881, as amended by the act of 1885. Elliott's Supp., section 1.

The material part of the section to the question under consideration is as follows:

" The clerk, by order of the court, if in session, or in vacation without such order, shall cause a notice of the pendency of any action, and the term at which the same will stand for trial, to be published for three weeks successively."

Section 516, R. S. 1881, as amended by the Legislature at its session of 1883 (Elliott's Supp., section 16), so far as we need to quote from it, is as follows:

"*Provided, however,* That when a complaint is filed, whether before or during any term of court, the plaintiff may fix the day during such term by endorsement thereof upon the complaint at the time of filing the same, on which the defendant shall appear, which day, when so fixed, shall be stated in the

summons when issued. And the action shall be docketed in its order; and if summons shall be personally served ten days before such day, or publication shall be made three weeks, thirty days before such day, such action shall thereupon stand for issue and trial at such term, and the court shall have jurisdiction to hear and determine such action as if summons had been served or publication made before the first day of the term as herein provided; * * * * and if summons be personally served ten days before such day, or publication made three weeks successively, thirty days before such day, such case shall thereupon stand for issue and trial at such term."

We think that the Legislature intended by these statutory provisions, in cases of notice by publication, to provide for publication of the notice in three successive issues of the newspaper in which it is published, and that three full weeks and no more shall elapse before the thirty days provided for shall begin to run. Unless this construction is given to the statute fifty-two days must intervene from the day that the notice first appears in the newspaper and the day fixed for the defendant to appear and answer, or the well-settled rule of construction in computing time which excludes either the first or last day named and includes the other, must be disregarded. If four insertions are required, then twenty-one days would not expire at the beginning of the twenty-first day from the first publication and the commencement of the thirty days would be postponed until the following day, for the three weeks' notice must have expired before the thirty days can begin to run. We cite the following cases: *Smith* v. *Rowles*, 85 Ind. 264; *Rhoades* v. *Delaney*, 50 Ind. 468; *Meredith* v. *Chancey*, 59 Ind. 466.

The proceeding in question would have been more in technical form if it had been by notice and motion, but in the complaint and notice there is no lack of substance, and the complaint may be treated as a motion without any impropriety. *Jenkins* v. *Long*, 23 Ind. 460; *Bales* v. *Brown*,

57 Ind. 282; *Gray* v. *Robinson*, 90 Ind. 527; *Lotz* v. *Scott*, 119 Ind. 434.

We do not regard the application or proceeding as one to amend a record, but one to obtain a *nunc pro tunc* entry in a case where a minute of certain proceedings had before the court has been omitted from the order-book.

That the appellee, Mary E. Arbuckle, filed a separate answer in the action to which this proceeding refers, is proven beyond controversy. The pleading is not only identified by the file mark of the clerk of the court, but by parol evidence, and there is no evidence to the contrary. But we do not think parol evidence was at all necessary; the court is presumed to have cognizance of its files, and especially so as to the pleadings which form the issues upon which a cause is tried.

Had the court below, having judicial knowledge, as it did, of the filing of the separate answer of the female appellee, when it discovered that its clerk had omitted to make a record thereof, on its own motion ordered a *nunc pro tunc* entry, there would have been no error. It is the duty of the court to see that a correct minute is made on its order-book of every step taken in any pending action. The failure of the clerk to make an entry on the order-book of the filing of the answer, was a mere omission or misprision of the clerk. *Gray* v. *Robinson, supra*; *Schoonover* v. *Reed*, 65 Ind. 313; *Leonard* v. *Broughton*, 120 Ind. 536; *Lotz* v. *Scott, supra*.

The court did not err in overruling the motion for a new trial, nor in overruling the demurrer to the complaint.

Judgment affirmed, with costs.

Filed May 3, 1890.