Lotz v. Scott et al.

No. 13,808.

LOTZ v. SCOTT ET AL.

COSTS.—*Judgment for.—Right to Enter after Final Disposition of Cause.—Change of Venue.—Failure to Perfect.*—Where, upon the failure of a party to perfect a change of venue applied for by him, the court sustains a motion to tax the costs against him, as provided in section 413, R. S. 1881, and the sustaining of the motion is entered of record, but no judgment for such costs is rendered, the court has jurisdiction, upon a proper application made by the adverse party after the dismissal of the cause, to then enter the judgment.

From the Sullivan Circuit Court.

*J. C. Chaney* and *W. S. Maple*, for appellant.
*J. C. Briggs*, for appellees.

OLDS, J.—Appellees brought an action against the appellant for an injunction in the Sullivan Circuit Court, and at the December term, 1883, the appellant moved the court for a change of venue from the county, which motion was supported by affidavit. The change was granted, and fifteen days given to pay the costs of the change. The appellant failed to pay the costs and perfect the change, and at the March term, 1884, the appellees moved the court to tax the costs up to the expiration of the fifteen days against the appellant, for the reason that appellant had failed to pay the costs and perfect the change. The court sustained the motion, and made an entry sustaining the motion, and the clerk entered the same in the order-book, but no judgment was rendered against the defendant below, the appellant, for such costs. The trial of the cause proceeded, resulting in a judgment in favor of the appellees against the appellant for twenty dollars and all costs. Appellant appealed from that judgment, and it was reversed, and afterwards the appellees dismissed their case. Afterwards the appellees filed their

application in the nature of a complaint, setting up the facts, and asking that as to said costs included in their original motion, which had been sustained by the court, they have judgment against the appellant for the same. Notice of the application was duly served on the appellant, and he appeared and contested the same, and the court rendered judgment in favor of the appellees against the appellant for such costs, from which judgment appellant prosecutes this appeal. The question is presented as to the legality of the proceedings of the circuit court in rendering judgment for the costs.

It is contended by appellant that after a case has once been disposed of and determined in the circuit court, a motion can not be made in relation to the costs therein.

Section 413, R. S. 1881, provides that "If the party fail to pay the costs of the change within the time prescribed by the court, he shall be taxed with all the costs made in the case up to the time of such failure." The appellant was clearly liable for the costs adjudicated against him. The court passed upon the question during the pendency of the action, holding him liable, but there was an omission to enter judgment. As the cause stood before the reversal of the judgment by the Supreme Court, it was not material, as the final judgment included all costs. Before the dismissal of the cause the court clearly had the right to have entered judgment against the appellant for such costs. This application was made and notice served upon the appellant, and the parties were again brought before the court, the appellant appearing to the application to have judgment entered for the costs. The parties being thus brought back into court to complete the record, so as to enforce the rights and liabilities of the parties as they had been fixed in the case, the court had jurisdiction and authority to make the entry which it did in the case. The court has authority to make proper entries and adjudications as to the costs in a case when the parties are before the court, as in this case, after the dismis-

sal of the cause. *Pittsburgh, etc., R. W. Co.* v. *Town of Elwood,* 79 Ind. 306. There is no error in the record.

Judgment affirmed, with costs.

Filed June 20, 1889.