No. 15,049.

SHIRLEY, ADMINISTRATOR, ET AL. *v.* THOMPSON.

ADMINISTRATOR.—*Final Settlement.*—*Action to Set Aside.*—*Complaint.*—*Sufficiency of.*—A complaint in an action to set aside a final settlement alleged that letters of administration were issued to the administrator May 2d, 1887, and that he made his final settlement November 1st of the same year; that in his final settlement the administrator represented to the court that all debts owing by the estate had been paid, and that he had in his hands for distribution to the widow and heirs a certain amount of money, all of which he had properly distributed, and that thereupon the court received and accepted the report of final settlement and discharged the administrator; that at the time of the final settlement the plaintiff held a just claim against the estate evidenced by a promissory note, and that the plaintiff intended to file such claim within the year allowed for filing claims, and would have done so but for the final settlement; that the plaintiff did not appear at the final settlement, not having been summoned, and had no notice that it would be made.

*Held*, that the complaint is sufficient.

SAME.—*Claim.*—*Notice.*—In such case the fact that the administrator had no notice of the claim did not justify the settlement in advance of the time named in the statute.

SAME.—*Final Settlement within Less than One Year.*—*Illegality of.*—*Claimant's Right to File Claim.*—Such settlement, as above, was illegal. The administrator could not make a legal settlement until the expiration of one year from the date at which his letters were issued, and the giving of notice thereof. The administrator could not defeat the claimant's right to file his claim within the year by making a premature settlement

SAME.—*Claimant.*—*Failure to Appear at Final Settlement.*—*Judgment.*—Such claimant not having appeared, and not having been summoned to appear at the final settlement, is not concluded by the judgment.

From the Morgan Circuit Court.

*W. S. Shirley*, for appellants.

*J. H. Jordan* and *O. Matthews*, for appellee.

BERKSHIRE, J.—A petition in the form of a complaint was filed by the appellee against the appellants to set aside the final settlement made by said administrator and to obtain

the allowance of a claim against the estate.   Ina Conduitt is the widow of the decedent, and Jessie, Mary E. and Georgie Conduitt are his children, and Henry C. Conduitt' is the guardian of said children.

Separate demurrers were filed by the said administrator, the said widow and the said guardian to the complaint, and overruled by the court, and exceptions reserved.

The said three appellants thereupon filed their joint answer in three paragraphs, the first being the general denial, and the minority of the said wards having been suggested, the said William S. Shirley was appointed guardian *ad litem*, and time given for further proceedings, but so far as the record discloses no answer was ever filed by said guardian *ad litem*.

To the second and third paragraphs of said answer the appellee addressed a demurrer, which was sustained as to the second paragraph and overruled as to the third, and the parties respectively reserved exceptions. The appellee thereupon filed a reply to the said third paragraph of answer.

The cause being at issue, was submitted to the court for trial, and after hearing the evidence the court made its finding in favor of the appellee, that said settlement ought to be set aside and the claim of the appellee allowed, in the sum of $211.02, and thereupon the court rendered judgment setting aside said final settlement, and allowing the said claim in the sum above named, to be paid by said administrator in due course of administration.   After the said judgment was rendered the appellants filed a joint motion for a new trial, which was overruled by the court, and they excepted. And they then moved in arrest of judgment, and the court overruling their said motion they reserved an exception.

There are several errors assigned, the third and sixth of which would have been proper as causes for a new trial, but the rulings therein complained of are not assignable as error in this court.

The other errors assigned are the first, second, fourth, fifth, seventh and eighth.

The first brings in question the sufficiency of the complaint.

We think the complaint is good. It alleges that letters of administration were issued to the said administrator on the 2d day of May, 1887, and that he made his final settlement on the 1st day of November of the same year; that in his final settlement said administrator represented to the court that the debts owing by said estate had all been paid, and that he had in his hands for distribution to the widow and heirs $3,414.33, and that of said sum he had distributed to the widow the sum of $1,138.11, and the sum of $2,276.22 to the said Henry C. Conduitt, as guardian of the said minors, and that, acting upon the said representations, the court received and accepted said report and final settlement, and discharged the said administrator; that at the time the said final settlement was made the appellee held a just claim against said estate evidenced by a certain promissory note, a copy of which is set out and filed with the complaint, and that the appellee intended to file said claim within the year allowed for filing claims against estates, and would have done so but for said final settlement; that the appellee was not a party to said final settlement, did not appear thereto, was not summoned to attend the same, nor did he have any notice that it would be made.

These allegations bring the case clearly within sections 2402, as amended by the acts of 1883 (Elliott's Supp., section 407), and 2403, R. S. 1881.

The settlement was illegal under the statute for the settlement of decedents' estates. The administrator could not make his settlement legally until the expiration of one year from the date at which his letters issued, and the giving of notice thereof. Sections 399, 403, 404, 405, 406, Elliott's Supp. Until that time had elapsed, subject to the exception found in the section regulating the filing of claims,

the appellee had the right under the statute to file his claim (*Roberts* v. *Spencer*, 112 Ind. 85), and the administrator could not cut off that right by making a premature settlement of his trust. Section 385, Elliott's Supp.; *Floyd* v. *Miller*, 61 Ind. 224; *Dillman* v. *Barber*, 114 Ind. 403.

The appellee not having appeared, and not having been personally summoned to appear at the final settlement, is not concluded by the judgment of the court. He had a right to rely upon the statute as to the time in which he might file his claim.

The second alleged error brings in question the ruling of the court in sustaining the demurrer to the second paragraph of answer. The answer was bad, and in sustaining the demurrer the court committed no error. Much that we have said with reference to the complaint applies in passing upon the answer.

The fact that the administrator had no notice of the appellee's claim did not justify a settlement in advance of the time named in the statute. In every estate pending for settlement the executor or administrator may expect to find claims in due course of administration of which he had no information when his letters issued, and as the law gives one year after notice of his appointment for him to make settlement, and the same time for creditors to file their claims, he has no right to act upon the presumption that all claims will be filed before the time given has expired, and as against any creditor who does not appear at the time the court acts upon the final settlement account prematurely presented, and who has not been personally summoned to appear, the same must be held to be illegal.

The notice which was given in the case under consideration was the ordinary notice, and it is not averred that the appellee was personally summoned, or that he appeared at the settlement.

The fourth and fifth assigned errors relate to the form of the judgment, but as no motion was made for its modifica-

tion no such question is presented by the record. But the allegations in the complaint were broad enough to enable the court to set aside the settlement and allow the claim, and as the parties were all before the court, and as the widow and guardian who held the amount found to be in the administrator's hands for distribution were before the court, we can not see that any injustice was done by the order of the court ordering them to pay to the administrator a sum sufficient to pay the appellee's claim, though it be conceded that the proceeding in this particular was not technically correct, a question which we do not decide.

The fact that no formal answer was filed for the minors by the guardian *ad litem* was immaterial; their guardian was before the court and held the fund which the court ordered to be paid over to the administrator, and to which the wards were not entitled; he answered in their behalf.

There are six causes assigned in the motion for a new trial:

1. The finding of the court is not sustained by sufficient evidence.

2. The finding of the court is contrary to law.

3. The damages assessed are excessive.

4. The damages assessed are too high.

5. The court erred in overruling the demurrer to the complaint and in sustaining the demurrer to the second paragraph of answer.

6. Error of law occurring at the trial.

We find no question presented in the record by the second assigned cause that is not included in the first; the fourth is included in the third; the fifth relates to rulings of the court not properly assignable as causes for a new trial; the sixth does not point out the particular rulings complained of.

The evidence supports the finding of the court; all of the material allegations contained in the complaint are proved, and there is no evidence tending to show that the decedent as surety upon the note which is the foundation of the ap-

pellee's claim was released by any arrangement for an extension of time, as alleged in the third paragraph of answer.

We have made a careful calculation of the amount due on the claim at the time of the trial, and if there is any error in the assessment of damages it only amounts to a few cents—no substantial error.

As we have already intimated, no question is presented by the fifth and sixth assigned causes.

The counsel for the appellants does not discuss the eighth assigned error, that the court erred in overruling the motion in arrest of judgment, and thereby waives it.

We find no error in the record.

Judgment affirmed, with costs.

