## TILSON, ADMINISTRATOR, *v.* HOOSIER TROPICAL FRUIT COMPANY.

[No. 6,679. Filed May 21, 1909.]

1. DECEDENTS' ESTATES.—*Final Settlement.—Pending Claims.*— Under §2906 Burns 1908, Acts 1883, p. 151, §19, the accounting which an administrator is required to make at the end of one year from the issuing of letters and notice thereof is not necessarily final, and a final settlement of a decedent's estate cannot be made, while there are properly filed and unallowed claims pending against same. p. 686.

2. DECEDENTS' ESTATES.—*Claims.—Time of Filing.—Statutes.*— Under §2828 Burns 1908, Acts 1883, p. 151, §5, one year, and under certain circumstances a longer time, is allowed from the time of the appointment of an administrator and the publication of notice thereof, within which to file claims against the estate. p. 687.

From Johnson Circuit Court; *William E. Deupree,* Judge.

Claim by the Hoosier Tropical Fruit Company against Frank C. Tilson, as administrator of the estate of Ora L. Tilson, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*George I. White* and *Fred R. Owens,* for appellant.
*William Featherngill,* for appellee.

RABB, J.—On May 31, 1906, appellant was duly appointed by the Johnson Circuit Court as administrator of the estate of Ora L. Tilson, deceased. He qualified and gave bond, as required by law, and gave due notice of his appointment. On May 27, 1907, appellee filed a claim against the estate of the decedent, in the office of the clerk of the Johnson Circuit Court, and said claim was duly placed upon the claim docket of said court, as a claim against said estate. On June 3, 1907, appellant, as such administrator, noted on said docket his refusal to allow said claim, and thereupon, on the same day, filed what purported to be his final account and settlement of said estate, and caused notice to be given of the hearing of such final settlement on June 25, 1907. Said estate was, at the time of filing said account, fully settled and administered upon, except as to the claim of appellee. Appellee appeared at the date set for the hearing of the final account, and excepted to the same, on the ground that his claim was still pending and undisposed of. The court sustained the exception, and refused to declare the estate closed and settled, or to discharge the appellant as administrator. From this order appellant appeals.

Appellant's contention is that, inasmuch as the appellee's claim was not filed more than thirty days before he filed what is assumed to be his final account and settlement, and the same being filed after the lapse of one year from the date of his appointment as administrator and the giving of notice of such administration, the appellee's claim is barred. Appellee contends, on the other hand, that he had one year from the giving of notice of administration within which to file his claim against the estate, and that as his claim was filed within the year it was a claim pending and undisposed of at the time the alleged final settlement was filed, and that there could be no final settlement made by the administrator while his claim was pending and undisposed of. ·

Prior to the enactment of the law governing the settlement of decedents' estates (Acts 1881, p. 423), the statute

upon the subject of the filing and allowance of claims against decedents' estates required that a statement of the nature and account of every claim against an estate should be filed in the office of the clerk of the proper court within one year from the date of the appointment of the administrator and notice of administration, or no costs could be recovered against the executor or administrator. It was further provided that after the expiration of one year from such appointment and notice, if such claim be not filed within at least thirty days before the final settlement of the estate, it should be barred. 2 R. S. 1852, p. 260, §62. The present statute on the subject (§2828 Burns 1908, Acts 1883, p. 151, §5), provides substantially that all claims against a decedent's estate shall be filed in the office of the clerk of the court in which the estate is pending, and if filed after the expiration of one year from the giving of notice by the executor or administrator of his appointment, they shall be prosecuted at the cost of the claimant, and if not filed at least thirty days before the final settlement of the estate they shall be barred.

Section 2906 Burns 1908, Acts 1883, p. 151, §19, provides that at the end of one year from the issuing of letters and notice thereof, or so soon thereafter as the sale notes

1. for personal property shall mature, the executor or administrator shall file a true and complete account of all the assets of the estate of the decedent which shall have come to his hands, and of all disbursements made by him, etc. Section 2914 Burns 1908, §2392 R. S. 1881, provides: ''If upon such accounting and approval, it shall appear to the court that the estate is solvent, and that there are claims allowed against the estate remaining unpaid, the court shall order the moneys remaining in the hands of the executor or administrator to be applied to the payment of expenses of administration and of such claims. If the moneys on hand be sufficient therefor, and there remain no

claims pending for allowance, and no debts due the estate remaining for collection, the court shall enter an order for the final settlement of the estate.''

It is assumed by appellant that, at the expiration of the year, the administrator may make a final settlement, regardless of the question as to whether claims are pending against the estate, and undisposed of. We think this assumption is unwarranted. The account which the administrator is required to give of his trust, at the expiration of the year, is not necessarily a final account, and no final settlement can be made if claims have been properly filed against the estate, and are pending and unallowed.

Under the statute (2 R. S. 1852, p. 260, §62) governing the filing of claims against decedents' estates, it is manifest that it was the purpose of the legislature to give to 2. creditors one year from the taking out of letters of administration, and the giving of the proper notice thereof, in which to file claims against such estates. There is, it is true, a slight difference in the phraseology of the act of 1881 (Acts 1881, p. 423, §2392 R. S. 1881) governing the same subject. The one act does not undertake to repeal the other. The provisions of the two sections are not inconsistent in any sense, and we think it manifest, construing all the various sections of the statute relating to the subject together, and in connection with the law as it existed at the time of the enactment of the present statute, that it was the purpose and intention of the legislature to give to creditors under the present law the same time in which to file their claims against decedents' estates that they had under the law as it was originally enacted, and that, if a claim was properly filed against a decedent's estate within one year from the taking out of letters of administration and the giving of notice thereof, no final settlement could be made while such claim was pending and undisposed of; but that, as to claims not filed prior to the expiration of the year, they would be

barred, unless filed thirty days before the filing of the final settlement.

The judgment of the court below is affirmed.