STATE EX REL. HARE *v.* LAWRENCE'S ESTATE ET AL.

[No. 16,618.   Filed October 15, 1940.]

*Samuel D. Jackson,* Attorney General, *James P. Wason,* Deputy Attorney General, and *James D. Williams, Jr.* Institutional Claims Attorney, of Corydon, for appellant.

*Leonard Ashley,* of Boonville, for appellees.

DUDINE, J.—On April 25, 1939, letters of administration were issued to Elmer H. Lawrence as administrator of the estate of Nancy L. Lawrence, deceased. Notice of his appointment, as such administrator, was published in a weekly newspaper on April 28, 1939, on May 5, 1939, and on May 12, 1939. On November 7, 1939, the administrator filed a petition for authority to settle the estate after the expiration of six months "from the date of giving notice" of his appointment and the court, on said 7th day of November, 1939, granted said petition and directed the administrator to make final settlement of said estate "at this time." On the same day, November 7, 1939, the administrator filed his report in final settlement of the estate. On November 14, 1939, appellant filed its claim against said estate. The claim was for maintenance of decedent in the total sum of $5,287.28. Upon a written motion of appellee, said claim was stricken from the files and the court found that appellant should take nothing on the claim and rendered judgment accordingly.

One of the errors assigned upon appeal is contended error in striking said claim from the files.

The main question presented upon appeal is whether or not said claim was barred by the provision of § 6-1001, Burns' 1933 to the effect that claims against decedent's estates which are ". . . filed after the expiration of six months from the giving of notice by the executor or administrator of his appointment, . . . shall be prosecuted solely

at the cost of the claimant, and . . . (such claims which are) not filed at least thirty days before final settlement of the estate, . . . shall be barred . . ."

The notice of appointment referred to in § 6-1001, Burns' 1933 *supra* is the notice required by § 6-311, Burns' 1933, to-wit, "notice . . . by publication, *three weeks successively.*" (Our italics.)

In *Security Co. of Hartford* v. *Arbuckle* (1890), 123 Ind. 518, 24 N. E. 329, our Supreme Court construed a statute which required "a notice of the pendency of any action . . . to be published for *three weeks successively.*" (Our italics.) Said statute was therein construed with reference to another statute which provided for the fixing of appearance date, by endorsement upon a complaint, and provided further that if "publication shall be made three weeks, thirty days before such (appearance) day, such action shall thereupon stand for issue and trial . . ." In construing said statutes the court said "We think that the Legislature intended by these statutory provisions, in cases of notice by publication, to provide for publication of the notice in three successive issues of the newspaper in which it is published, and that three full weeks and no more shall elapse before the thirty days provided for shall begin to run." (To the same effect generally see *Smith* v. *Rowles* (1882), 85 Ind. 264 and authorities therein cited.) The reasoning of our Supreme Court in said case with reference to the construction of said statutes is applicable here. We think the Legislature intended by § 6-1001, Burns' 1933, *supra,* to provide that three full weeks should elapse from the date of the first publication of the notice of appointment of an administrator or executor before the six-months period for filing claims referred to in the statute should begin to run.

Therefore, we hold that in the instant case, the first publication of notice of the appointment of the administrator having been made on April 28, 1939, the six months period for filing claims in appellee estate did not begin to run until twenty-one days after that date; to-wit, until May 19, 1939; and appellant's claim, having been filed within six months after May 19, 1939, it was not barred by § 6-1001, Burns' 1933, *supra*, and it should not have been stricken from the files.

It should be noted that the provision in § 6-1401, Burns' 1933 for filing a final account of an administrator sooner than one year from the date of the letters of administration is, in effect, that that may be done with the consent of the court "after six months from the date of the giving of notice by . . . administrator of his appointment." That language which we have quoted from § 6-1401, Burns' 1933, *supra*, is identical to part of the language which we have quoted above from § 6-1001, Burns' 1933, *supra*. We know of no reason why a different construction should be placed upon that language as it pertains to said statutes respectively and therefore we hold that appellees' final report could not properly be filed until after the expiration of the twenty-one day period and the six-month period above referred to. (To the effect that a premature filing of a final account does not shorten the time allowed by statute for filing claims against a decedent's estate, see *Shirley, Administrator* v. *Thompson* (1890), 123 Ind. 454, 24 N. E. 253; and *Tilson* v. *Hoosier, etc. Fruit Co.* (1909), 43 Ind. App. 684, 88 N. E. 524.

It should be noted also that the penalty provided by § 6-1001, Burns' 1933, *supra*, for failing to file a claim within "six months from giving the notice" of appointment is that the claim shall be prosecuted at the cost

of the claimant, and that the penalty therefor is *not* that the claim should be barred.

Appellant's claim having been filed within the "six-month period" as construed. herein, it is not subject to the penalty of being prosecuted at the cost of the claimant.

Section 6-1001, Burns' 1933, *supra,* prescribes the penalty of barring a claim for failure to file the claim "at least thirty. days before the final settlement of the estate." This provision has reference to the filing of a final settlement *at a proper time.* Since the final settlement in the instant case was filed before the period of time had expired, after which it could be properly filed, there was no legal basis for the imposition of the penalty of barring appellant's claim.

We deem it expedient to note that, in this opinion, we have not discussed or decided the question as to whether or not, *if* appellees' final account *had* been filed *after* the expiration of the six-month period as construed herein and appellant's claim had not been filed thirty days before the date of filing the final account, appellant's claim would have been barred by § 6-1001, Burns' 1933, *supra.* Such question is not before us.

The law questions which .we have discussed and decided were presented upon appeal under other assigned errors, but it would serve no good purpose to discuss them with particular reference to said other assigned errors.

The judgment of the trial court is reversed with instructions that the trial court revoke and set aside its order of November 7, 1939, wherein it consented to and directed the administrator to make final settlement "at this time"; that the trial court overrule appellees' motion to strike appellant's claim from the files;

and that further proceedings in this cause be in harmony with this opinion.

Judgment reversed.

NOTE.—Reported in 29 N.,E. (2d) 339.