CROUSORE ET AL. *v.* ALLEE ET AL.

[No. 17,773. Filed November 19, 1948.]

560

*Clyde H. Jones,* of Indianapolis, attorney for appellants.

*Hughes & Hughes,* and *Gillen & Lyon,* all of Greencastle, attorneys for appellees.

CRUMPACKER, J.—This is an action to set aside a judgment alleged to be void on the face of the record. The appellants, who were the plaintiffs below, characterize their complaint as one seeking equitable relief independent of any statute pertaining to opening, setting aside or vacating judgments. The appellees filed several demurrers to said complaint each of which was sustained by the court and, through this appeal, we are asked to review these rulings.

The demurrers, for the purpose of this discussion, admit that the record of the judgment in controversy discloses the following essential facts: One Jacob Crousore died intestate on September 11, 1936, leaving the appellants among his heirs at law. On October 22, 1936, one Theodore Crawley was duly appointed by the probate side of the Putnam Circuit Court as ad-

ministrator of said decedent's estate. On April 26, 1937, six months and four days after his appointment, said administrator filed a final report and accounting in the Putnam Circuit Court and on the same day said court approved the same, adjudged the estate fully and finally administered and discharged the administrator and his bondsman. None of the steps required by law for the closing of an estate in less than a year were taken. No notice of any kind was given to anyone, including the appellants, of the filing of said final report or of a hearing thereon. No date was fixed by the court for a hearing on said report but, on the contrary, the matters and things therein set out were fully and finally adjudged by the court, on the same day the report was filed, upon the *ex parte* representations of the administrator.

The appellees hold no brief for the validity of the judgment in issue but they seek to sustain the court's ruling on their demurrers on two grounds. First, they say that the appellants' cause of action, not having been filed within three years from the date the administrator's final report was approved, is barred by § 6-1424, Burns' 1933, pertaining to the setting aside and reopening of judgments in final settlement of estates. Second, they contend that the appellants waited approximately ten years before attempting to assert their rights and if such rights sound in equity their own laches bars a recovery. We will discuss these questions in the order of their presentation.

In our opinion the facts admitted by the demurrers clearly show that the judgment involved is void on the face of the record. The administration and settlement of the decedent's estates is purely statutory in Indiana and the procedure is governed by the provisions of the probate code. A probate court, or

other court acting as such, is wholly without jurisdiction to settle and close a decedent's estate in less than six months from the date of the first publication of notice of the appointment of an executor or administrator, and then only after fixing a hearing date not less than three weeks from the date the final report is filed and publishing notice of such hearing once each week for two successive weeks in a newspaper of general circulation in the county in which the administration is pending. Burns' Stat., §§ 6-1401, 6-1405. *Fleece* v. *Jones* (1880), 71 Ind. 340; *Shirley, Administrator* v. *Thompson* (1890), 123 Ind. 454, 24 N. E. 253. The judgment further shows on the face of the record that it was rendered wholly without due process as far as the rights of the appellants are concerned and as to them it is a nullity.

Section 6-1424, *supra,* upon which the appellees rely as a bar to this action, reads as follows:

> "When final settlement of an estate shall have been made, and the executor or administrator discharged, any person interested in the estate, not appearing at the final settlement, nor personally summoned to attend the same, may have such settlement, or so much thereof as effects him adversely, set aside, and the estate reopened, by filing in the court in which the settlement was made, within three (3) years from the date of such settlement, his petition, particularly setting forth the illegality, fraud or mistake in such settlement, or in the prior proceedings in the administration of the estate, affecting him adversely."

The appellees insist that this statute is exclusive and affords the appellants their only remedy whether the judgment they seek to attack is void, voidable or merely irregular. The appellants, on the other hand, contend that the statute has no application to a judgment which is void on the face of the record but, even though it

has such application, the remedy afforded is merely cumulative and leaves them free to pursue an independent suit in equity to set it aside.

We find an exhaustive and able case note in 154 A. L. R. 818 by P. H. Vartanian on the subject "Lapse of time as bar to action or proceeding for relief in ▮ respect of void judgment." We concur in his conclusion that it is one of the fundamental policies of the law that there should be an end to litigation and that adherence to such policy has resulted in the common law doctrine of finality of judgments, and unless appealed from within a designated time and reversed for error, a judgment rendered by a competent court having jurisdiction over the subject matter of the action and the necessary parties thereto, cannot be vacated after the expiration of the term of court at which it was rendered. However, in this state, by the statute under consideration, a limited control over judgments of final settlement in the administration of decedent's estates, after the expiration of the term in which they were rendered, is expressly conferred upon the courts and such a judgment may be vacated at any time within three years from the date of its rendition for "illegality, fraud or mistake in such settlement." The common law doctrine of the finality of judgments as modified by statute, however, presupposes a valid judgment, the jurisdiction of the court over the subject matter and the parties, and the competency of the court to render it. See cases cited in footnote 2, 154 A. L. R. 819. Consequently, says Vartanian, in the case note to which we refer above, "it is recognized by almost the unanimous concensus of judicial authority that the doctrine and its corollary have no application to void judgments such as judgments rendered by a court having no jurisdiction over either the subject matter of the action

or the parties, or both, or by a court having no power to render the judgment, or to judgments passing upon issues not within the case; and that such judgments may be opened or vacated by the court rendering them on motion made at any time, even after the expiration of the term at which they were rendered, *or after the expiration of the period allowed by statute for opening or vacating judgments on certain grounds."*

Most of the courts, however, have confined this rule to judgments that are void on the face of the record and where a judgment is merely irregular, voidable or void because of extrinsic facts such as fraud or mistake, relief is governed by the common law rule or by the statute in those jurisdictions in which the common law rule has been modified. See cases cited in footnote 7, 154 A. L. R. 825.

It is our considered opinion, supported by the great weight of authority, that the remedy afforded the appellants in this case by § 6-1424, *supra,* is not an exclusive one and the judgment involved, being void on the face of the record, is subject to appropriate attack even though more than three years have elapsed since the date of its rendition. There may be some doubt as to the propriety of an independent suit in equity to vacate a patently void judgment in view of the fact that the overwhelming weight of authority indicates that such a judgment may be set aside by motion in the same proceedings made in the court rendering the judgment, thus furnishing what would seem to be an adequate remedy at law. However, this question has not been presented to us and we express no opinion in reference thereto.

This brings us to the question of the appellants' laches in waiting ten years before seeking equitable

relief. The memoranda attached to the demurrers under consideration make no point of laches and it is presented for the first time on this appeal. Technically we would be justified in passing the question without further comment. A retreat behind such rule, however, would leave a question undecided that is so obviously in the case, that we feel a discussion on the merits is warranted. Again we quote with approval from the Vartanian article, *supra*, and rely on the cases there cited:

> "The action in equity is of course subject to the equitable defense of laches, the existence of which depends not so much upon the length of the delay as upon inquiry whether during the period of the delay such changes have taken place in the position of the parties relative to the subject matter of the action as to render it inequitable to permit the enforcement of rights concerning which there might otherwise be no difficulty. Thus, where during the unnecessary delay interests of innocent third persons have attached, or the party against whom relief is asked has, in reliance upon the existing situation, so changed his position that if existing conditions were removed, he would suffer injury, the delay will be characterized as laches. But in the absence of such circumstances, the party is not chargeable with laches because of his mere delay in seeking relief against the judgment."

The appellants' complaint herein discloses no such facts as would warrant the sustaining of a demurrer thereto on the theory of laches.

Judgment reversed with instructions to overrule the demurrers of the appellees and each of them and for such further proceedings as are consistent with this opinion.

NOTE.—Reported in 82 N. E. 2d 276.